# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUE NAY, | ) 1:09-cv-00095-TAG HC |
| Petitioner, | ) |
| v. | ) ORDER TO DISMISS PETITION FOR WRIT |
| | ) OF HABEAS CORPUS AS DUPLICATIVE |
| | ) (Doc. 1) |
| A. HEDGPETH, Warden, | ) ORDER DIRECTING CLERK OF COURT |
| | ) TO TERMINATE THE ACTION |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Doc. 5).

On January 15, 2009, Petitioner filed the instant petition challenging his 2006 conviction in the Kern County Superior Court and the resulting 25-year sentence. (Doc. 1). Petitioner challenges that sentence as being in excess of the maximum allowable by law because the upper term sentence on the "base" charge, as well as the various enhancements that extended his sentence, were based on factors not presented to a jury and found beyond a reasonable doubt. (Id.).

In conducting its preliminary screening of the petition, the Court discovered that Petitioner had filed a previous habeas petition in this Court on May 19, 2008, in case no. 1:08-cv-00693-WMW. In that case, Petitioner also challenges his 2006 Kern County Superior Court conviction and raises the same challenge to the legality of his sentence, i.e., that the base upper-term sentence as well as the enhancements were based on factors not found by a jury beyond a reasonable doubt.

Case no. 1:-08-cv-00693-WMW (HC) is still pending; indeed, Respondent filed an answer to the petition on September 5, 2008. (Doc. 13). In that answer, Respondent addresses the merits of Petitioner's contentions but also argues for dismissal because none of the claims in the petitions have been exhausted. Similarly, in this case, Petitioner notes that he has not presented his claims to the California Supreme Court and therefore the issues in the instant petition are also unexhausted. The Court has reviewed both petitions and finds that the instant petition is duplicative of the petition in case no. 1:08-cv-00693-WMW (HC). Accordingly, the instant petition should be dismissed.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative, later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action

and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

In this case, both petitions challenge the same conviction, raise the same constitutional issues, name the same Respondents, and seek the same relief. Under such circumstances, the instant petition is duplicative of the prior petition. Petitioner has no right to maintain two duplicative petitions before different judges of this Court. Adams, 487 F.3d at 688. Therefore, the instant action should be dismissed.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as duplicative; and
2. The Clerk of the Court is DIRECTED to terminate this action in its entirety and close the file.

IT IS SO ORDERED.

Dated: **April 2, 2009**  /s/ Theresa A. Goldner
UNITED STATES MAGISTRATE JUDGE